IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| OnCure Holdings, Inc., et al. | : | Case No. 13-11540 (KJC) |
| | : | |
| | : | |
| Debtors. | : | |
| | : | **Objections Due: July 12, 2013 at 4:00 p.m.**[1] |
| | : | **Hearing Date: July 24, 2013 at 11:00 a.m.** |

**UNITED STATES TRUSTEE'S LIMITED OMNIBUS OBJECTION TO DEBTORS' APPLICATIONS FOR ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE (D. E. 73);   APPLICATION TO RETAIN RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE (D. E. 74)**

In support of this limited objection (the "Objection") to the Debtors' Applications For Orders Authorizing The Employment And Retention Of Latham & Watkins LLP As Bankruptcy Counsel *Nunc Pro Tunc* To The Petition Date (D. E. 73); and, Application To Retain Richards, Layton & Finger, P.A. As Co-Counsel To The Debtors *Nunc Pro Tunc* To The Petition Date (D. E. 74, collectively "Applications"), Roberta A. DeAngelis, the United States Trustee for Region Three ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1.  This Court has jurisdiction to hear the above-referenced Objection.

2.  Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96

---

[1]  The objection deadline was extended by agreement of the parties.

1

(3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). One of the U.S. Trustee's duties is to monitor: "applications filed under section 327 of title 11 and, whenever the United States Trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications".

3.  Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-referenced Objection.[2]

**Background**

4.  On June 14, 2013 (the "Petition Date"), the Debtors[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.  A committee of unsecured creditors has not been appointed in these cases.

6.  On or about June 26, 2013 the Debtors filed the Applications.P

7.  Paragraph 19 of the Latham & Watkins Application (D. E. 73, "L&W Application") requests that its prepetition retainer be held as an evergreen retainer to be held "…by L&W as security throughout the Chapter 11 Cases until L&W's fees and expenses are awarded and payable to L&W on a final basis." Paragraph 36 of the Harner Declaration attached as Exhibit B to L&W's Application discloses that the amount L&W seeks to retain as an evergreen

---

[2]  Mr. Burkett's service on the Board of Directors commencing November 15, 2012, within the two years prior to the Petition Date renders him and Match Point ineligible for the accommodation provided to those professionals employed under the terms of the crisis management protocol that has been employed in this District.

[3]  All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

retainer is $425,423.

8.  Paragraph 11 of the Richards, Layton & Finger Application (D. E. 74, "RLF Application") requests that its unused prepetition retainer of $66,772.66 "…serve as an evergreen retainer to be held "…by RL&F as security throughout the Chapter 11 Cases until RL&F's fees and expenses are awarded by final order and are then payable to RL&F."

9.  On July 3, 2013 the Debtors filed a Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (D.E. 94, "Interim Compensation Motion"), that would permit L&W and RL&F to apply for interim compensation on a monthly basis to receive eighty percent (80%) of their fees and one hundred percent (100%) of their expenses. The Interim DIP Financing Order (D.E. 45, "Interim DIP Order") allows all approved professional fees and expenses incurred by the Applicants prior to an event of default to be paid. Paragraph 16 of the Interim DIP Order provides for a Carve-Out of $350,000 after an event of default.

10. In *In re Insilco*, 291 B.R. 628 (Bankr. D. Del. 2003) the bankruptcy court cited several factors included in the analysis of whether an "evergreen" retainer might be allowed which factors " . . . include, (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, *i.e.,* whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; (3) whether the retention, as proposed, is in the best interests of the estate; (4) whether there is creditor opposition to the retention and retainer provisions; and (5) whether, given the size, circumstances and posture of the case, the amount of the retainers are reasonable, including whether the retainers provide the appropriate level of "risk minimization," especially in light of the existence of any other "risk- minimizing" devices, such as an administrative order

and/or a carve-out". *Insilco*, 291 B.R. at 634.

11.     The Applicants have not shown that they meet or satisfy any of the *Insilco* factors[4]. On the contrary, given the fact that the Applicants (i) have substantial retainers, (ii) that these cases will most likely be brought to a quick resolution by an imminent Section 363 sale of the Debtors' assets, (iii) the Applicants have favorable compensation and payment terms in accordance with the proposed Interim Compensation Motion and (iv) Applicants have the benefit of the Carve-Out in the Interim DIP Order, there is little if any risk that the fees and expenses of Debtors' counsel will not be paid.  The multiple 'risk minimization' devices make the request for an evergreen retainer nothing more than an unnecessary encumbering and binding of estate funds and resources[5].

---

[4] The U.S. Trustee does not concede (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; (3) whether the retention, as proposed, is in the best interests of the estate; (4) whether there is creditor opposition to the retention and retainer provisions but merely argues and alleges that the Applicants and the Debtors have not made a *prima facia* showing as to these specific factors.

[5] In *Insilco,* the court recognized that an evergreen retainer is similar to a security retainer in that it is to secure payment of fees for future services.   In the case of an evergreen retainer, the funds are not intended to be used to pay approved fees until approval of the final fee application. Instead, the holder of an evergreen retainer intends to be paid its interim fees and expenses out of operating cash. Such a position is designed to minimize a professional's risk of non-payment if a debtor's financial position deteriorates, an estate becomes illiquid and does not have sufficient cash flow to pay professional fees. *Insilco*, 291 B. R. at 632.

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Applications to the extent of this Response and Limited Objection and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

July 11, 2013                **By:**    /s/ David L. Buchbinder
                                        David L. Buchbinder, Esq.
                                        Trial Attorney
                                        J. Caleb Boggs Federal Building
                                        844 King Street, Suite 2207, Lockbox 35
                                        Wilmington, DE 19801
                                        (302) 573-6491
                                        (302) 573-6497 (Fax)